JUDGE KATHLEEN CARDONE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, | § <br> § <br> § |
| **Plaintiff,** | § <br> § |
| v. | § <br> § <br> § |
| **ABSM LLC** d/b/a **COASTAL DEBT RESOLVE,** <br> a Florida Limited Liability Company | § <br> § <br> § |
| **Defendants.** | § <br> § <br> § <br> § |



## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1.      The Plaintiff is BRANDON CALLIER ("Plaintiff") a natural person, resident of the

Western District of Texas, and was present in Texas for all automated text messages, in this case

in El Paso County, Texas.

2.      Defendant ABSM LLC d/b/a COASTAL DEBT RESOLVE ("ABSM") is a limited

liability company organized and existing under the laws of Florida and can be served via

registered agent Allison Biscardi at 6750 N Andrews Ave, Suite 150, Fort Lauderdale, Florida

33309.

### JURISDICTION AND VENUE

3.      Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's

TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow*

*Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

4.      This Court has specific personal jurisdiction over ABSM because Defendant purposefully

availed itself to the State of Texas and to this District, and there is sufficient relationship between

Defendant ABSM's purposeful contacts with Texas and the litigation.

      a.  Defendant ABSM targets Texas when marketing their business debt relief

          services and regularly conducts business in this District, including telephone

          solicitations.

      b.  Its agents called Plaintiff's El Paso area phone number ending in -4604 to

          generate leads for Defendant ABSM.

      c.  Defendant ABSM purposefully made unauthorized calls to Plaintiff into Texas

          and this District.

      d.  The purposeful calls injured Plaintiff in Texas, creating a causal link among

          Defendant ABSM, the forum, and the litigation that exceeds the non-causal

          affiliation that is sufficient to support personal specific jurisdiction. *See Ford*

          *Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

5.      Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a

substantial part of the events giving rise to the claims—the calls and sale of goods and services

directed at Texas residents, including the Plaintiff—occurred in this District and because the

Plaintiff resides in this District.  Residing in the Western District of Texas when Plaintiff

received every single unauthorized call from Defendant ABSM that is the subject matter of this

lawsuit.

6.      This Court has venue over Defendant because the unauthorized calls at issue were sent by

Defendant ABSM to Plaintiff, a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT**

**OF 1991, 47 U.S.C. § 227**

7.    In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9.    The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11.    Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

12.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.    According to findings of the FCC, the agency vested by Congress with authority to issue

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

regulations implementing the TCPA, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14.    The FCC also recognizes that "wireless customers are charged for incoming calls whether

they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing*

*the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15.    The FCC requires "prior express written consent" for all autodialed or prerecorded

telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's

written consent to receive telemarketing robocalls must be signed and be sufficient to show that

the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing

the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded

messages by or on behalf of a specific seller; and (2) having received this information, agrees

unambiguously to receive such calls at a telephone number the consumer designates. In addition,

the written agreement must be obtained without requiring, directly or indirectly, that the

agreement be executed as a condition of purchasing any good or service.

16.    *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,

27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC

regulations "generally establish that the party on whose behalf a solicitation is made bears

ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing*

*the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17.    The FCC confirmed this principle in 2013, when it explained that "a seller ... may be

held vicariously liable under federal common law principles of agency for violations of either

section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter*

*of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18.    Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19.    A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

20.    Plaintiff personally and successfully registered his phone number ending in 4604 to the National Do-Not-Call Registry ("DNC") in December 2007.

21.    Defendant ABSM offers debt relief services to businesses.

22.    Plaintiff received at least eight unauthorized calls to his personal cell phone ending in 4604 from Defendant ABSM from April 26, 2023, to June 1, 2023, soliciting their debt relief services.

23.    Each and every alleged call Plaintiff received from Defendant ABSM was from the phone number (954) 787-7687.

24.    Plaintiff did not consent to any of the calls alleged herein.

25.    Each and every call at issue in this Complaint is a solicitation call marketing business debt relief services.

26.    Call #1.  On April 26, 2023, Plaintiff received the first call to his personal cell phone

4604 from Defendant ABSM.  The call lasted less than one minute before dropping.

27.      Calls 2-4.  Plaintiff received two missed phone calls on April 27, 2023, and another

missed phone call on May 2, 2023, from phone number 954-787-7687.

28.      Call #5.  On May 3, 2023, Plaintiff received another call from phone number 954-787-

7687.  Plaintiff answered the phone and was solicited debt relief on behalf of Coastal Debt.

29.      After the phone call Plaintiff was sent an email from Craig Cohen from the email address

cohen@coastaldebt.com.  This email contained a signature block that listed Cohen's phone

number as 954-787-7687.

30.      On May 22, 2023, Plaintiff sent an email to Defendant ABSM to info@coastaldebt.com

advising them of the unauthorized solicitation calls Plaintiff had received to his personal cell

phone 4604.

31.      Plaintiff received a read receipt confirming Defendant ABSM received Plaintiff's email

from paragraph 30.

32.      Despite Plaintiff making Defendant ABSM aware of the unauthorized calls, Plaintiff

received at least three additional unauthorized calls from Defendant ABSM.

33.      The email info@coastaldebt.com is located on the website https://coastaldebt.com which

is owned and operated by Defendant ABSM.

34.      Table A shows the calls sent to Plaintiff by Defendant ABSM.

TABLE A:

| **Number** | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| 1. | 04/26/2023 | 3:25 PM | 954-787-7687 | Agent Craig Cohen calling from ABSM soliciting business debt relief services. |

6

|    |            |          |              | Call dropped within 30 seconds. |
|----|------------|----------|--------------|---------------------------------|
| 2. | 04/27/2023 | 8:21 AM  | 954-787-7687 | Missed call |
| 3. | 04/27/2023 | 12:52 PM | 954-787-7687 | Missed call |
| 4. | 05/02/2023 | 8:45 AM  | 954-787-7687 | Missed call |
| 5. | 05/03/2023 | 8:47 AM  | 954-787-7687 | Agent Craig Cohen calling from ABSM soliciting business debt relief services. Emailed me his info. |
| 6. | 05/25/2023 | 2:00 PM  | 954-787-7687 | Missed call |
| 7. | 05/30/2023 | 9:08 AM  | 954-787-7687 | Agent Craig Cohen calling from ABSM soliciting business debt relief services. |
| 8. | 05/31/2023 | 11:21 AM | 954-787-7687 | Missed call |

35.    Each and every solicitation call from Defendant ABSM, after May 22, 2023, was a knowing and willful violation of the TCPA as Plaintiff had delivered a DNC request to Defendant ABSM on May 22, 2023.

36.    Plaintiff did not have a preexisting relationship with Defendant ABSM, had never been a customer of Defendant ABSM nor had ever applied for a loan or any other accounts with Defendant ABSM.

37.    Defendant ABSM placed multiple unauthorized phone calls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2007, which violated § 227(c) and 47 C.F.R. § 64.1200(c).

38.    Defendant ABSM knew or should have known that its conduct would violate the TCPA and its regulations because ABSM received a DNC request from Plaintiff on May 22, 2023, and Plaintiff has been on the National Do Not Call Registry since December 2007.

39.    Plaintiff's Cell Phone 4604 is a Residential Phone

40.    No person or entity shall initiate any call for telemarketing purposes to a residential telephone <u>subscriber</u> unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards.  47 C.F.R 64.1200(d).

41.    ***Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.  47. C.F.R. 64.1200(d)(1).

42.    On information and belief, Defendant ABSM did not have a written do-not-call policy while they were sending Plaintiff the calls.

43.    No emergency necessitated any of the alleged calls.

44.    Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

**THE TEXAS BUSINESS AND COMMERCE CODE 305.053**

45.    The Texas Business and Commerce Code has an analogous portion that is related to the TCPA and was violated in this case.

46.     The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

**VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101**

47.     Defendant ABSM initiated the phone calls alleged herein and is a "seller" under the Texas Business and Commerce Code because it makes telephone solicitation on its own behalf and called Plaintiff in this case.

48.     Under TCBB 302.302 "a person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation."

49.     The actions of Defendant ABSM violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

50.     Texas Business and Commerce Code § 302.101 provides a private right of action.  A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

51.     The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

52.     Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

53.     Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek

9

damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

54.    Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

55.    Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

56.    Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

57.    Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

58.    The calls were to Plaintiff's personal cell phone ending in 4604 which he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 15 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## COUNT ONE:

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

59.    Plaintiff incorporates the preceding paragraphs 1-58 as if fully set forth herein.

60.    The foregoing acts and omissions of Defendant ABSM and/or their affiliates or agents

constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

61.    Defendant ABSM and/or their agents, called Plaintiff's private residential telephone which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the alleged calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

62.    Plaintiff was statutorily damaged at least eight (8) times under 47 U.S.C. § 227(c)(3)(F) by Defendant ABSM's calls described above, in the amount of $500 per call.

63.    Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

64.    Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT TWO:
### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)

65.    Plaintiff incorporates foregoing paragraphs 1-58 as if fully set forth herein.

66.    The foregoing acts and omissions of Defendant ABSM and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

        a.    A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [2];

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

b.  Training for the individuals involved in the telemarketing on the existence of and

use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

c.  To include in the solicitations, the name of the individual caller and the name of

the person or entity on whose behalf the call is being made, in violation of 47

C.F.R. § 64.1200(d)(4).[4]

67.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47

U.S.C. § 227(c)(5)(B).

68.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or

willful violation. 47 U.S.C. § 227(c)(5).

## COUNT THREE:

### (Violations of The Texas Business and Commerce Code 305.053)

69.    Plaintiff incorporates the foregoing paragraphs 1-58 as if fully set forth herein.

70.    The foregoing acts and omissions of Defendant ABSM and/or their affiliates or agents

constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making

non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior

express written consent in violation of 47 U.S.C. § 227 et seq.

71.    Plaintiff seeks for himself an award of at least $500.00 in damages for each such

violation. **Texas Business and Commerce Code 305.053(b).**

72.    Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing

or willful violation. **Texas Business and Commerce Code 305.053(c).**

## COUNT FOUR:

### (Violations of Texas Business and Commerce Code 302.101)

---

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

**Failure to obtain a Telephone Solicitation Registration Certificate**

73.     Plaintiff incorporates the foregoing paragraphs 1-58 as if fully set forth herein.

74.     Defendant and/or their affiliates or agents made at least eight (8) solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

75.     As a result of Defendant's and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation.  Tex. Bus. and Com. Code 302.302(a).

76.     As a result of Defendant's and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.  Tex. Bus. and Com. Code 302.302(d).


**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the Defendants jointly and severally as follows:

A.     Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.     A declaration that actions complained of herein by Defendants violates the TCPA and Texas state law;

C.     An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.     An award of $1,500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporation for 8 calls;

E.      An award of $1,500 in statutory damages arising from violations of the Texas

Business and Commerce code 305.053 intentional violations jointly and severally against the

corporation for 8 calls.

F.      An award of $5,000 in statutory damages arising from violations of the Texas

Business and Commerce code 302.101 intentional violations jointly and severally against the

corporation for 8 calls.

G.      An award to Mr. Callier of damages, as allowed by law under the TCPA and

Texas state law;

H.      An award to Mr. Callier of interest, costs, and attorneys' fees, as allowed by law

and equity;

I.      Such further relief as the Court deems necessary, just, and proper;


June 9, 2023,                                          Respectfully submitted,


                                                       Brandon Callier
                                                       Plaintiff, Pro Se
                                                       6336 Franklin Trail
                                                       El Paso, TX 79912
                                                       915-383-4604
                                                       Callier74@gmail.com